DANIEL G. BOGDEN
United States Attorney
ELHAM ROOHANI
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Blvd South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

UNITED STATES DISTRICT COURT

District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | Case No. 2:14-CR-00287-KJD-CWH-1 |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | PETITION FOR ACTION |
| ) | | ON CONDITIONS OF |
| Andrew John GIBSON ) | | <u>PRETRIAL RELEASE</u> |
| Defendant ) | | |

    Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by <u>Zack Bowen</u>, United States Pretrial Services Officer. I have reviewed that Petition and believe there is sufficient credible evidence which can be presented to the Court to prove the conduct alleged, and I concur in the recommended action requested of the Court.

    Dated this 26th day of May, 2016.

                                                  DANIEL G. BOGDEN
                                                  United States Attorney

                                                  By _____/S/_____
                                                     ELHAM ROOHANI
                                                     Assistant U. S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. Andrew John GIBSON                           Docket No. 2:14-CR-00287-KJD-CWH-1

Petition for Action on Conditions of Pretrial Release

COMES NOW Zack Bowen, UNITED STATES PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Andrew John GIBSON, who was placed under pretrial release supervision by Your Honor sitting in the Court at Court at Las Vegas, Nevada, on November 21, 2014, on a Personal Recognizance Bond with the following conditions:

1. Pretrial Services supervision.
2. The defendant shall not obtain a passport or passport card.
3. The defendant shall abide by the following restrictions on personal association, place of abode, or travel: Travel is restricted to Colorado and Nevada only, unless authorized by Pretrial Services.
4. The defendant shall maintain his current residence and receive approval from Pretrial Services prior to moving.
5. The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense.
6. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
7. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
8. The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
9. The defendant shall refrain form use or unlawful possession of a narcotic drug or other controlled substances unless prescribed by a licensed medical practitioner.
10. The defendant shall refrain from the excessive use of alcohol.
11. The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial Services or their supervising officer considers it advisable.
12. The defendant shall undergo medical or psychiatric treatment.
13. The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.
14. The defendant shall be monitored by the form of location monitoring indicated below and shall abide by all technology requirements:

    • Global Positioning Satellite (GPS) Monitoring

    This form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release:

PS 8 PAGE - 2

- Restricted to residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by Pretrial Services (Home Detention).

16. The defendant shall pay all or part of the cost of the location program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
17. The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World Wide Web, including but not limited to: PDA's, cell phones, iPods, iPads, tablets, e-readers, Wii, PlayStation, Xbox or any such devices, at home, place of employment, or in the community.  This applies to the parent's residence.
18. The defendant shall refrain from the possession of pornography or erotica in any form or medium.
19. The defendant shall remain on prescribed meds.
20. No internet access at defendant's place of residence.
21. Defendant may travel to father's home on November 27, 2014 from 12pm to 8pm and on December 24, 2014 from 12pm to December 25, 2014 at 8pm.

**Respectfully presenting petition for action of Court and for cause as follows:**

1. On May 25, 2016 the defendant was found to be in possession of a second cell phone, unbeknownst to our office, that has a camera feature, in violation of Las Vegas Community Corrections Center (LVCCC) policy. All LVCCC residents must have a pre approved cell phone that cannot access the internet or have a camera. On that same date, the defendant attempted to negotiate with the LVCCC Director to not have an incident report filed against him.

2. On today's date, the defendant was found in possession of a third cell phone, which has been determined to be a smart phone. While attempting to inspect the defendant's cell phone, he became combative and physically removed the cell phone from the LVCCC Director's possession. According to LVCCC staff, a physical altercation took place, the defendant removed the SIM card from the smart phone and then surrendered it to LVCCC staff. Based on this information, and prior incident reports the defendant has incurred while residing at LVCCC, our office has been asked to have the defendant removed immediately from the facility on this date.

**PRAYING THAT THE COURT WILL ORDER THAT A WARRANT BE ISSUED UPON THE ALLEGATIONS OUTLINED ABOVE. FURTHER, THAT A HEARING BE HELD TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

| ORDER OF COURT | I declare under penalty of perjury that the information herein is true and correct. Executed on this 26th day of May, 2016. |
|---|---|
| Considered and ordered this 26th day of May, 2016 and ordered filed and made a part of the records in the above case. | |
| | Respectfully Submitted, |
| *Cam Ferenbach* | *Zack Bowen* |
| Honorable Cam Ferenbach<br>United States Magistrate Judge | Zack Bowen<br>United States Pretrial Services Officer<br>Place: Las Vegas, Nevada |