**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:14-cr-00287-KJD-CWH |
|       Plaintiff, ) | |
|       v. ) | |
| ANDREW JOHN GIBSON, ) | **REPORT & RECOMMENDATION** |
|       Defendant. ) | |

Before the Court is pro se Defendant Andrew Gibson's Motion to Dismiss Indictment for Fatal Errors Failure to State an Exact Offense (ECF No. 93), filed October 11, 2016. Also before the court is Gibson's Motion to Dismiss for Failure to Prove Commerce and/or Affecting Commerce (ECF No. 95), filed October 11, 2016. Also before the Court is Gibson's Motion to Dismiss due to Prejudice (ECF No. 97), filed October 11, 2016. The Government opposed each of the three motions (ECF No. 109), filed November 15, 2016. Gibson did not reply.

**BACKGROUND AND ANALYSIS**

The grand jury indicted Gibson on August 27, 2014, alleging that on about June 19, 2013 until November 21, 2013, he did knowingly receive and distribute child pornography and any material that contains child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and that had been shipped and transported using any means and facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 2252A(a)(2) and (b). (Indictment, (ECF No. 1).) Gibson moves to dismiss the indictment because the statute is ambiguous, the indictment is insufficient, and because of prejudice caused by government employees.

Federal Rule of Criminal Procedure 12(b) provides that "[a]ny defense, objection, or request that the court can determine without trial of the general issue" may be raised by pretrial motion. A

motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *See United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986)).  In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

### A.  Constitutionality of the Statute – Vagueness (ECF No. 93)

The indictment alleges that Gibson did knowingly receive and distribute child pornography as defined in Title 18, USC 2256(8), which in turn defines child pornography to include the phrase "sexually explicit conduct." Gibson argues that "sexually explicit conduct" is not defined within 18 U.S.C. 2252(A), rendering the statue ambiguous and therefore leaving him unable to defend himself. The government responds that Ninth Circuit precedent indicates that the statute is neither vague nor overly broad, and that the statute sets forth definitions of "child pornography" and sexually explicit conduct.

A statute is unconstitutionally vague "when it does not sufficiently identify the conduct that is prohibited." *United States v. Wunsch*, 84 F.3d 1110, 1119 (9th Cir. 1996); *see also United States v. Hogue*, 752 F.2d 1503, 1505 (9th Cir. 1985) (holding that a criminal statute is not vague if it provides fair notice of the conduct proscribed).  A statute does not meet this standard when people of ordinary intelligence must "guess at its meaning and differ as to its application." *Id*. (citing *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)); *see also United States v. Hockings*, 129 F.3d 1069, 1072 (9th Cir. 1997) (citing *United States v. Lanier*, 520 U.S. 259 (1997) ("an act cannot be so vague that 'men of common intelligence must necessarily guess at its meaning and differ as to its application.'")). Such laws are void *ab initio* in order to "avoid punishing people for behavior that they could not have known was illegal." *Id*. (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108-109 (1972).

Here, 18 U.S.C. 2256(2)(A) and (B) provide clear and extensive explanations of how the

2

term "sexually explicit conduct" is to be understood.[1]  Other than saying that he does not know what "sexually explicit conduct" is, Gibson provides no analysis to explain confusion or ambiguity as to any of the statutory definitions or terms which are incorporated into 18 U.S.C. 2252A, nor does he challenge any evidence that may have been provided during discovery as falling within those definitions.  The Ninth Circuit has found specifically that the phrase "sexually explicit conduct is neither vague nor overly broad.  *See United States v. Rearden,* 349 F.3d 608, 620 (9th Cir. 2003). The Court finds that a person of ordinary intelligence is on reasonable notice of what is prohibited, as described in 18 U.S.C. 2256, and the statute is not unconstitutionally vague.  Gibson's challenge based upon ambiguity, vagueness, or constitutionality of the statute is denied.

**B. Sufficiency of the Indictment (ECF No. 93)**.

Gibson also challenges the sufficiency of the indictment, although he bases his argument in part on inapplicable caselaw addressing the sufficiency of a civil complaint or the adequacy of an indictment based upon 18 U.S.C. 2422(b), which is inapplicable in this case.  Gibson appears to argue that the indictment is not sufficient because it does not set forth all of the sexually explicit conduct which supports the indictment.  The government responds that Defendant erroneously relies upon an inapplicable case construing an inapplicable statute.

Federal Rule of Criminal Procedure 7(c)(1) provides that the indictment must be a "plain, concise and definite written statement of the essential facts constituting the offense charged."  The sufficiency of an indictment is judged by "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086

---

[1] 18 U.S.C. 2256(2)(A): Except as provided in subparagraph (B), "sexually explicit conduct" means actual or simulated--(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person . . .

18 U.S.C. 2256(2)(B): For purposes of subsection 8(B) of this section, "sexually explicit conduct" means--(i) graphic sexual intercourse, including genital-genital, oral- genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, or lascivious simulated sexual intercourse where the genitals, breast, or pubic area of any person is exhibited; (ii) graphic or lascivious simulated; (I) bestiality; (II) masturbation; or (III) sadistic or masochistic abuse; or (iii) graphic or simulated lascivious exhibition of the genitals or pubic area of any person . . .

(1983). The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *Id.* An indictment is sufficient if it: first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *See also, Hamling v. United States*, 418 U.S. 87, 117 (1974) (it is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.); *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013) (same).

Here, the charge follows the wording of 18 U.S.C. 2252A by alleging that:

> On or about a date unknown, but no later than June19, 2013, to on or about November 21, 2013, in the District and Federal District of Nevada and elsewhere, Gibson did knowingly receive and distribute child pornography and any material that contains child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and that had been shipped and transported using any means and facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 2252A(a)(2) and (b).

The indictment embodies all the elements of the crime, and the terms used in the allegations are defined in the statute. Gibson's challenge based upon the sufficiency of the indictment is denied.

### C. Failure to Prove Commerce and/or Affecting Commerce (ECF No. 95).

In his Motion to Dismiss for Failure to Prove Commerce and/or Affecting Commerce (ECF No. 95), Gibson argues that the investigating officer in his case has failed to prove any form of commerce or affect on commerce, and therefore the indictment should be dismissed. The government responds that such matters are an issue of fact for a jury to determine.

The court will not consider Gibson's arguments regarding the underlying facts of this case prior to trial. A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). The Court should not consider evidence not appearing on the face of the indictment." *Id*. In addition, "a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not

supported by adequate evidence." *Id*. (citations omitted).  "The 'unavailability of Rule 12 in determination of general issues of guilt or innocence . . . helps ensure that the respective provinces of the judge and jury are respected.'"  *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (quoting *United States v. Nukida*, 8 F.3d 665, 670 (9th Cir. 1993)).

### D. Dismissal due to prejudice (ECF No. 97)

In his Motion to Dismiss Due to Prejudice (ECF No. 97), Gibson sets forth a variety of facts dealing with the conditions of his pretrial release, indicating that he was required to remain at the half-way house under unsatisfactory conditions until his pretrial release was revoked.  For example, he indicates that he was unable to visit his parents, was required to participate in sex offender treatment programs, not allowed to attend the church of his choice, and not allowed to go to the law library.  He argues that his release was revoked for insufficient reasons, and that his lawyer was ineffective.  Based upon these facts, he argues that his constitutional rights were prejudiced.  He argues that his First Amendment rights were prejudiced because he is unable to photograph cars and architecture.  He argues that his Fourth Amendment rights were prejudiced by an illegal search and seizure.[2]  Gibson argues that his Fifth Amendment rights were prejudiced because he is being held in peonage without due process.  Gibson argues that his Sixth Amendment rights were prejudiced because he has been unable to see the facts related to the case, there is no witness against him, he was not allowed the right to an impartial grand jury of his peers, and he has been denied the right to the assistance of counsel by forced representation of counsel.  Gibson argues that his Eighth Amendment rights were prejudiced because he was subjected to cruel and unusual punishment and treated like an animal because of sentencing disparities.[3]  Gibson argues that his Ninth Amendment rights have been prejudiced because the government is using certain enumerated rights to deny and disparage rights retained by the people.  He argues that his Thirteenth Amendment rights have been prejudiced because he has been placed into involuntary servitude without being duly convicted.  The

---

[2] Gibson has filed motions to suppress evidence (ECF No. 94, 96) which will be addressed separately. *See* Order, ECF No. 102.

[3] The Court notes that Gibson has not been convicted or sentenced.

5

Government responds that there is no legal basis to grant his request to dismiss the indictment.

Although Gibson may have civil claims which are based upon his alleged constitutional violations, he provides no legal basis to connect the alleged prejudice to his rights with a remedy that would result in the dismissal of the indictment.  The failure to provide points and authorities to support the motion constitutes consent to its denial.  LR 7-2(d).  Accordingly, Gibson's motion to dismiss on this basis is denied, without prejudice.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Gibson's Motion to Dismiss Indictment for Fatal Errors Failure to State an Exact Offense (ECF No. 93) be **denied**.

**IT IS FURTHER RECOMMENDED** that Gibson's Motion to Dismiss for Failure to Prove Commerce and/or Affecting Commerce (ECF No. 95) be **denied**.

**IT IS FURTHER RECOMMENDED** that Gibson's Motion to Dismiss due to Prejudice (ECF No. 97) be **denied**.

## NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  November 30, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**