**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:14-cr-00287-KJD-CWH |
| Plaintiff, | ) | |
| v. | ) | |
| ANDREW JOHN GIBSON, | ) | **ORDER** |
| Defendant. | ) | |

Before the Court is pro se Defendant Andrew Gibson's Motion to Get Mandatory Law Library Time (ECF No. 134), filed December 30, 2016. The Government did not respond. Gibson asks the Court to enter an order granting him extended access to the prison law library so he can prepare his defense for the upcoming trial set on April 27, 2017. He also asks that the Court order the prison to continue to print caselaw for his use while he is unable to access the library, and requests 1000 pages per week.

Generally, the assignment of library time is properly within the purview of prison administration, which is in a better position to account for the demands of all prisoners and various other considerations, along with the safety of prisoners and staff. Gibson provides no evidence indicating that he has not been treated equally with other prisoners who also desire to access the law library. Nor does he indicate that he has requested additional library time from prison officials. Additionally, Gibson has filed ten motions since he began to represent himself on October 11, 2016, all of which contain citations to legal materials in his points and authorities, and he has filed timely replies to the responses filed by the Government.

In *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985), the court, quoting *Faretta v. California*, 422 U.S. 806, 818 (1975), stated that "'[t]he rights to notice, confrontation and, compulsory process' mean, at minimum, that time to prepare and some access to materials and witnesses are fundamental to a meaningful right of representation. . . . An incarcerated defendant

may not meaningfully exercise his right to represent himself without access to law books, witnesses or other tools to prepare a defense." The court stated, however, that this right is not unlimited. Security considerations and avoidance of abuse by defendants may require special adjustments. *Id.*, *citing United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978).

Gibson must have adequate opportunity to review relevant legal materials and legal research, as well as discovery produced by the Government, and to draft appropriate pretrial motions and related documents, and otherwise prepare for trial. The Court does not have adequate information at this point to determine the amount of law library time that Gibson reasonably needs on a daily basis. It appears from the record that Gibson has been able to adequately prepare his defense. However, out of an abundance of caution, the Court will nevertheless grant Gibson a total of four hours each day in the law library, subject to reasonable controls and procedures of prison administration, until a verdict is reached in this case. Additionally, prison authorities are encouraged to grant Gibson additional time based upon its determination of the demands of other prisoners and safety concerns.

In light of this order, Gibson's request to receive 1000 pages of printed caselaw is denied.

Accordingly, **IT IS HEREBY ORDERED** that defendant's Motion to Get Mandatory Law Library Time (ECF No. 134), is **granted in part and denied in part**.

DATED: January 18, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge