**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:14-cr-0-KJD-CWH |
| Plaintiff, ) | |
| v. ) | |
| ANDREW JOHN GIBSON, ) | **REPORT & RECOMMENDATION** |
| Defendant. ) | |

Before the Court is pro se Defendant Andrew Gibson's Motion to Dismiss Due to Speedy Trial Violation (ECF No. 139), filed January 18, 2017. The Government responded (ECF No. 144) on January 27, 2017. Gibson did not reply.

## BACKGROUND AND ANALYSIS

The grand jury indicted Gibson on August 27, 2014, alleging that on about June 19, 2013 until November 21, 2013, he did knowingly receive and distribute child pornography and any material that contains child pornography, as defined in 18 U.S.C. § 2256(8). (Indictment, (ECF No. 1).) Gibson moves to dismiss the case because his speedy trial rights were violated.

Federal Rule of Criminal Procedure 12(b) provides that "[a]ny defense, objection, or request that the court can determine without trial of the general issue" may be raised by pretrial motion. A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986), *cert. denied*, 478 U.S. 1007 (1986)). Defendant's motion is therefore ripe for the Court's consideration.

Although Gibson was indicted on August 27, 2014, he did not make his initial appearance until November 21, 2014, at which time he was arraigned. (Minutes, (ECF No. 5).) At arraignment, the trial date was set for January 26, 2015. *Id*. Pursuant to stipulations filed by Defense Counsel on January 14, 2015, (Stipulation, (ECF No. 15)), April 1, 2015, (Stipulation, (ECF No. 28)), June 5,

1

2015, (Stipulation, (ECF No. 31)), September 2, 2015, (Stipulation, (ECF No. 38)), November 17, 2015, (Stipulation, (ECF No. 41)), April 5, 2016, (Stipulation, (ECF No. 58)), and August 31, 2016, (Stipulation, (ECF No. 87)), the Court continued the motion deadlines and trial date. One additional stipulation was filed by the Government on December 2, 2016. (Stipulation, (ECF No. 126).) With each stipulation, the Court granted the continuance, excluding all time under the Speedy Trial Act. (Orders, (ECF Nos. 16, 29, 32, 39, 42, 59, 88, 128).)

The Speedy Trial Act, as enumerated in 18 U.S.C. § 3161(c)(1), provides that trial must normally commence within seventy days of the filing of the indictment or the defendant's initial court appearance, whichever is later. Gibson's argument that his speedy trial rights were violated because the clock started when he was indicted is simply incorrect. "[T]he speedy trial clock starts running after the indictment or arraignment (whichever comes last) . . ." *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004).

Gibson also appears to argue that the seventy day clock has run since he was arraigned. Gibson is incorrect because the Speedy Trial Act excludes delays granted by a judge, with appropriate findings, at the request of the parties. 18 U.S.C. § 3161(h)(7)(A). Here, the clock began to run on November 21, 2014, when the Defendant was arraigned. The clock was tolled and excluded time began as of January 16, 2015. Order, (ECF No. 16). Since then, the clock has never restarted because the judge has granted continuances requested by the parties, with appropriate findings. Gibson makes no argument that the findings were not appropriate. It therefore appears that only 56 days have elapsed under the speedy trial clock in this case.

Finally, Gibson alleges that his former counsel stipulated to continuances, but did not provide proper assistance for the defense of the case, and obtained continuances for frivolous reasons. Gibson does not, however, indicate that he objected to the continuances. Moreover, beginning on February 26, 2016, Gibson filed numerous motions with the Court (even though he was represented by counsel), but he did not file an objection to a stipulated continuance. Even after he began to represent himself on October 11, 2016, Gibson stipulated to a continuance of the trial date. (Stipulation, (ECF No. 126). Based upon these factors, Gibson provides no adequate factual or legal

basis to dismiss the indictment for a speedy trial violation. *See United States v. Shetty*, 130 F.3d 1324, 1330 (9th Cir. 1997) (explaining that "[i]n light of those stipulations, and in the absence of any objection by the defense, it is inappropriate for [the Defendant] to seek reversal of his conviction under the Speedy Trial Act and dismissal of the indictment, with or without prejudice.").

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Gibson's Motion to Dismiss due to Speedy Trial Violation (ECF No. 139) be **denied**.

## NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 9, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge