# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 2:14-cr-00287-KJD-CWH |
| vs. | ) | **REPORT & RECOMMENDATION** |
| ANDREW JOHN GIBSON, | ) | |
| Defendant. | ) | |

Before the Court is pro se Defendant Andrew Gibson's Motion to Quash Warrant and Indictment (ECF No. 155), filed March 31, 2017. The Government responded with a Motion to Strike Gibson's Motion (ECF No. 159), on April 7, 2017. Gibson responded with two replies (ECF Nos. 163, 164), on April 13, 2017. Trial is currently scheduled to commence on April 24, 2017. (Order (ECF No. 128).)

## I. BACKGROUND AND ANALYSIS

The grand jury indicted Gibson on August 27, 2014, alleging that from about June 19, 2013 until November 21, 2013, he did knowingly receive and distribute child pornography and any material that contains child pornography, as defined in Title 18, United States Code, § 2256(8), that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and that had been shipped and transported using any means and facility of interstate and foreign commerce, in violation of Title 18, United States Code, § 2252A(a)(2) and (b). (Indictment (ECF No. 1).) Gibson assumed responsibility for his own defense on October 11, 2016, after being represented by the Federal Public Defender's Office for about two years.

Gibson's present motion is rambling and difficult to follow. It appears that Gibson desires to revisit the validity of the search warrant which was used to obtain evidence to be used against

him at trial, arguing that the software used by the agent, the affidavit used to obtain the warrant, the execution of the warrant, and the chain of custody, were all defective and therefore the evidence should be quashed and the indictment dismissed. He also argues that there was insufficient probable cause to support the search warrant, and therefore his Fourth Amendment rights were violated. The Government argues that the motion should be stricken because it is untimely. In his reply, Gibson argues that he has been denied discovery from the prosecution, specifically, software used to obtain the search warrant.

At the time he assumed his defense, Gibson was advised that the time for filing pretrial motions was October 11, 2016, and on that day, he filed several motions, including a Motion to Suppress Evidence which challenged the search warrant. (Mot. to Suppress (ECF No. 94).) The validity of the search warrant in this case has already been extensively reviewed and addressed by this Court. (Report and Recommendation (ECF No. 136).) Defendant did not file an objection to the Report and Recommendation, and it was adopted and affirmed by the United States district judge assigned to the case on April 14, 2017. (Order (ECF No. 168).) Nor did Gibson move for the disclosure of any specific evidence in conjunction with his suppression motion. The Court declines to revisit its Report and Recommendation that has been adopted and affirmed.

Moreover, under Rule 12(c)(1) of the Federal Rules of Criminal Procedure, a court may set a deadline for the parties to make pretrial motions. Motions filed past the deadline are untimely. Fed. R. Crim. P. 12(c)(3). However, "a court may consider the defense, objection, or request if the party shows good cause," for its untimely nature. *Id*. Here, the deadline for filing pre-trial motions expired on October 11, 2016. (Minutes (ECF No. 92).) If it can be characterized as a new motion, Gibson's present motion was filed over five (5) months past the deadline for filing such motions. Gibson argues that he only has 3 to 5 hours per day to work on his case, and has no assistant. The Court notes that Gibson has filed numerous motions and replies over the last five months. Gibson failed to file an objection to the Report and Recommendation which specifically addressed the sufficiency of the search warrant, which is the topic of his present motion and was due on January 25, 2017. Meanwhile, he filed two additional motions during the response time for that Report and Recommendation, *see* Motions, (ECF No. 139, 140), and also filed objections to

other reports and recommendations. *(See* Objections (ECF Nos. 141,149).) Calendar call for trial is April 18, 2017. The Court finds that Gibson has failed to provide good cause to justify this untimely motion, and it is untimely, and is denied on that basis.

## II.  CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that the Government's Motion to Strike the Motion as untimely (ECF No. 159) is **granted,** and**;**

**IT IS FURTHER RECOMMENDED** that Gibson's Motion to Quash Warrant and Indictment (ECF No. 155) is **denied.**

## III.  NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 17, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**