# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW JOHN GIBSON,

    Defendant.

Case No. 2:14-CR-00287-KJD-CWH

**ORDER**

    Presently before the Court is the Government's Emergency Motion in Limine to Exclude Expert Testimony (#180). Defendant has not filed a response as of the date of this Order.

    The Government moves to exclude the expert testimony of Drs. Norman Roitman, Gary Dymeck, and Colin Edward Humphries, offering opinions on Defendant's mental defects or diseases and/or insanity at the time of the offense. The Government contends that the proposed testimony should not be admitted as it is untimely and irrelevant. The Government states that it was first notified of the potential expert evidence during a conversation with Defendant on April 19, 2017, three (3) court days prior to trial, and has not been provided any discovery.

    Federal Rule of Criminal Procedure 12.2 requires a defendant to provide notice of an insanity defense and any expert evidence relating to a mental disease or defect bearing on the issue of guilt no later than the deadline for the filing of pretrial motions. FED. R. CRIM. P. 12.2(a) and (b). Failure to comply with these notice requirements may result in exclusion of the evidence and preclusion of the proffered defense at trial. FED. R. CRIM. P. 12.2(d); see also United States v. Veatch, 674 F.2d 1217, 1224 (9th Cir. 1981) ("It is within the district court's discretion to grant or deny relief from the exclusion provision of Rule 12.2(a).").

Here, the deadline for all pretrial motions was October 11, 2016. Having read and considered the present motion, the Court finds: 1) this evidence does not necessitate the use of an expert; 2) Defendant has provided inadequate notice to the Government and to the Court of his intent to utilize an expert at trial and; 3) to the extent Defendant is seeking to offer expert evidence as to whether he possessed the necessary mental state "constituting an element of the crime charged or of a defense thereto," the Court finds this inadmissible under Federal Rules of Evidence 704(b). That matter is for the trier of fact alone and cannot be usurped by expert evidence. Id.; United States v. Arvin, 900 F.2d 1385, 1389 (9th Cir. 1990). Finally, to the extent Defendant wants to provide expert evidence to explain that he has been diagnosed with Asperger's Syndrome in order to justify his courtroom demeanor to the jury and this Court, such is irrelevant. Any explanation or justification of Defendant's personality during the course of the trial has no connection to any of the facts at issue in this case. Further, such evidence would only confuse the issues and mislead the jury.

Accordingly, **IT IS HEREBY ORDERED** that the Government's Emergency Motion in Limine to Exclude Expert Testimony (#180) is **GRANTED**.

DATED this 24th day of April 2017.

_____
Kent J. Dawson
United States District Judge