# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW JOHN GIBSON,

    Defendant.

Case No. 2:14-CR-00287-KJD-CWH

**ORDER**

    Presently before the Court are Defendant Andrew John Gibson's Motion for Order and Judgment (#213) and Motion for Judicial Notice (#214). The Government filed responses in the form of motions to strike (#216 & #217) to which Defendant replied (#225).

    The Court notes Defendant's penchant for filing frivolous motions and those at issue are no exception. Regarding Defendant's Motion for Order and Judgment (#213), it appears to the Court that Defendant is claiming he has sought, or is seeking, summary judgment under the Civil Rules of Civil Procedure, although it is unclear if he is seeking such summary judgment in some civil action against this Court, the Government, or both. If the Court further understands Defendant, he is informing this Court, the Government, or both, that he is willing to forego the civil claims he has pending in return for this Court ordering the "Immediate Dismissal With Prejudice of Contract Case No.: 2:14-cr-287-KJD-CWH." However, no legal mechanism provides Defendant with the ability to file the instant Motion. Indeed, Defendant points to no statute or procedural rule allowing a Court to vacate a criminal conviction in return for an agreement by a defendant to not seek some civil action. As such, his Motion is **denied**.

    Regarding Defendant's Motion for Judicial Notice, no legal mechanism provides Defendant with the ability to file the instant Motion. Indeed, Defendant points to no statute or procedural rule

allowing this Court to take judicial notice of facts after trial has concluded. The only authority Defendant provides is Federal Rule of Evidence 201. However, it is entirely improper for Defendant to seek application of a rule of *evidence* in the current procedural posture of this case.

Further, and importantly, the facts Defendant now requests this Court take judicial notice of were deemed inadmissible as irrelevant at trial. When Defendant sought to make his mental health an issue at trial, this Court precluded those facts. Finally, Defendant provides exhibits to his Motion that are completely disconnected from his case and even unrelated to this District. See (#214, Ex. 5 (providing a 6-page "Motion to Compel Discovery," a 5-page "Motion to Compel Discovery," and a 13-page "Motion to Compel Discovery" all filed by or on behalf of "Max Budziak" before the Northern District of California)). As Defendant provides this Court with no mechanism or grounds whereby this Court can grant him the relief he seeks, his filing is **denied**.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Order and Judgment (#213) and Motion for Judicial Notice (#214) are **DENIED**.

DATED this  28th   day of July 2017.

Kent J. Dawson
United States District Judge