# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW JOHN GIBSON,

    Defendant.

Case No. 2:14-CR-00287-KJD-CWH

**ORDER**

    Presently before the Court is Defendant Andrew John Gibson's Motion for Arrest of Judgment (#196). The Government filed a response in opposition (#202) to which Defendant replied (#205).

    The Court has considered the merits of the Motion and does not find good cause to grant the Motion. Defendant's Motion is outside the scope of Rule 34 and precluded by *res judicata*. Federal Rules of Criminal Procedure 34 allows for arrest of judgment in the event the court does not have jurisdiction over the charged offense. However, a judgment cannot be arrested on the grounds the evidence was insufficient. United States v. Zisblatt, 172 F.740, 741-42 (2d Cir. 1949). Instead, a district court must look only to the "face of the record," or the charging document, and cannot look to the evidence adduced at trial. United States v. Sisson, 399 U.S. 267, 280-84, 90 S. Ct. 2117, 2125-26 (1970); see also United States v. Kelly, 548 F. Supp. 1130 (E.D. Pa. 1982) ("Such a motion must be based on a defect apparent upon the face of the indictment itself, and not upon the evidence or its sufficiency.").

    Here, Defendant requests this Court look beyond the Indictment in this case and contends the Government failed to present sufficient evidence to show interstate commerce as he understands the term. Defendant does not allege that there is some defect within the Indictment itself, but instead

only alleges the evidence was too weak to support that element of the charge. Because such a challenge is entirely outside the scope of Rule 34, his Motion is denied.

Further, even if Defendant's motion is within the scope of Rule 34, it should nevertheless be denied under the principle of *res judicata*. The principle of *res judicata* forecloses re-litigation of claims or issues that the parties have had a full and fair opportunity to litigate previously, whether or not those claims were actually litigated. Brown v. Felsen, 442 U.S. 127, 131 (1979); see also United States v. Bhatia, 545 F.3d 757, 759 (2008) (finding *res judicata* applies to criminal cases).

Here, Defendant unsuccessfully challenged interstate commerce prior to trial as well as at the trial itself. Defendant filed a Motion to Dismiss for Failure to Prove Commerce and/or Affecting Commerce on October 11, 2016.(#95). That Motion was substantively responded to by the Government and rejected by this Court. See (#109, 116, 167). Further, Defendant attempted to challenge interstate commerce during the trial itself, but to no avail as the jury found sufficient evidence of the element to warrant a conviction. As Defendant has twice attempted to litigate this issue, and twice been unsuccessful, his third attempt is precluded by *res judicata* and should be denied.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Arrest of Judgment (#196) is **DENIED**.

DATED this __28th__ day of July 2017.

_____
Kent J. Dawson
United States District Judge