UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANDREW JOHN GIBSON,

Defendant.

Case No. 2:14-CR-00287-KJD-CWH

ORDER

**BACKGROUND**

This matter is before the Court following Defendant's conviction and sentencing for Receipt of Child Pornography. Defendant appealed his conviction and sentence. The Ninth Circuit Court of Appeals affirmed the conviction, however vacated the supervised release component of the sentence and remanded for re-sentencing as to conditions of supervised release. Specifically, the panel found the location or place restriction to be unconstitutional, and also permitted the Defendant to re-raise his concerns regarding the basis for imposition of a lifetime term of supervised release; the scope of pornography-restrictive conditions; whether a prospective familial exception to location-restrictive conditions is required, and whether the written judgment aligns with the oral pronouncement. See, Memorandum, Docket No. 282. A revised Pre-Sentence Investigation Report (PSR) was prepared September 10, 2019. Defendant filed objections to the revised report (ECF #287), to which the government responded (#288). The matter was heard on November 6, 2019, and was taken under advisement to permit the court to consider the arguments and points and authorities raised at the hearing.

**Place or Location Restriction**

The government recommended that the following condition be imposed:

> You must not go to or remain at any place primarily used by children under the age of 18, including parks, schools, playgrounds, and child care facilities. This condition includes those places where minor members of your family are present, unless approved in advance and in writing by the probation officer in consultation with the treatment providers.

Defendant objected arguing, in part, that the remand order instructed the Court to vacate the place restriction, that the place restriction is incapable of modification to meet constitutional standards, that the minor prohibition in Special Condition 8 adequately serves to protect the public, and that studies rebut the claim that child pornography internet crimes are a gateway to hands-on offenses.

The Court inquired whether Defendant's counsel, the Federal Public Defender ("FPD"), had changed its position from earlier cases in which it agreed that insertion of the word "primarily" in a place/location condition would satisfy any constitutional concern. The response was, yes, the FPD has changed its position.

That response however is inconsistent with the terms of a plea agreement approved on November 5, 2019 by the FPD for Robert Marcellus Jones, Jr. in 2:18-CR-00411-KJD-DJA, Docket No. 56. That particular plea agreement was unusual in that it included an agreement not to oppose the imposition of certain enumerated special conditions of supervision including the following:

> Place Restriction - Children Under 18 - You must not go to, or remain at, any place that primarily caters to children under the age of 18, including parks, schools, playgrounds, and child care facilities.
>
> Place Restriction - Children Under 18 - You must not go to, or remain at, any place for the primary purpose of observing or contacting children under the age of 18.

The Court does not agree with Defendant that the Place Restriction is adequately covered by special condition number 8, (Minor Prohibition) which deals with incidents of "direct contact" as opposed to simply viewing. A motivation of Defendant in viewing children is sexual

gratification. Over many years the Defendant has collected a vast library of photos and videos of children, not all of which are pornographic. To permit him to go to parks and other places which cater primarily to children for the purpose of viewing those to whom he is sexually attracted, may lead to viewing the same kinds of material for which he stands convicted as well as interfere with sex offender treatment. The appellate court did not instruct that the place restriction order could not be modified to meet constitutional requirements. Accordingly, the special condition or place or location restriction will be imposed as requested by the government.

Further, fears that the condition is overbroad because it could apply to Defendant's own, future, biological children are speculative. Defendant does not have any children and it will be many years before he will be released from custody. The condition is structured to allow modification of the condition based upon consultation with his probation officer.

**Lifetime Supervision**

In considering the period of supervision, the Court accounts for the personal history and characteristics of Defendant. There can be no doubt that he enjoys viewing abuse of children for purposes of his own sexual gratification. Defendant admitted to masturbating daily to child pornography. There is little doubt that his extensive collection of child pornography had its origins in this attraction to children. He stated to officers that initially, his viewing was age appropriate. Over many years, he reached a level of serious addiction where he progressed to viewing increasingly violent and sadistic behavior. His search terms included: "boy hogtied," "boy rape," "drugged boy" and "14 year old boy forced into sex by group of cowboys." Forensic examination of his computer found 307 images of child pornography and 201 videos of child pornography along with thousands of images of child erotica. The total number of child pornography images for purposes of guideline calculations is 15,382. The videos included male adults engaged in anal intercourse and fellatio with nude prepubescent children some of which included sadistic or masochistic conduct or other depictions of violence, including bondage.

Further, Defendant's conduct while on pretrial supervision was defiant. During a telephone conference call with a United States Pretrial Services Officer, Defendant stated he was not going to jail and that if anyone came to his home to arrest him he would be "locked and

loaded". Although Defendant denies making this statement, there have been enough other incidences of defiance to give credibility to the account of the officer.

Subsequently, violations of conditions of pretrial release resulted in an order that he reside in a halfway house. While there, he violated the rules of the halfway house and was found to be in possession of a smart phone and SIM card. Defendant physically resisted attempts of personnel to take the devices from him and they were never able to obtain the SIM card. This culminated in the revocation of pretrial supervision and he was ordered detained.

In a letter to the Court almost 3 years following his arrest, and after he had been found guilty in a jury trial, Defendant, in the face of overwhelming evidence, declared "I am innocent". See Defendant's Sentencing Memorandum, p. 5 (#236). He further stated that he was not into kids having been raped by an adult. Id. His philosophy has been that he is not a sex offender and that because he did not personally perform the rape of children, he is no danger to them. (See paragraph 78 of the PSR objecting to the probation officer's recommendation for sex offender treatment and mental health counseling.)

Defendant was offered another opportunity to address the Court at the conclusion of the re-sentencing hearing. Defendant, after some hesitation which included consultation with his attorney, read what appeared to be a written statement acknowledging some responsibility.

However, it was his refusal to accept sound legal advice that resulted in his self-representation. Even with a federal public defender standing by as advisory counsel, Defendant was too obstinate to seek assistance. Many of the conditions of supervised release complained of in the appeal could have been resolved had advisory counsel been permitted to assist. His father described him as someone who is difficult to dissuade when he has his mind made up.

Taking account of the personal history and characteristics of Defendant, the Court concludes that a period of life- time supervision is reasonably necessary to protect the public from further crime of this Defendant. If he establishes that he can comply with the conditions of supervision, supervised release may be terminated early either on his own request or that of the probation officer. To give this Defendant less time under supervision than countless others convicted on similar charges and who have been cooperative and tearfully accepting of the harm

they have caused, would be manifestly unfair. Accordingly, supervised relief will be for life.

**Pornography Restrictive Conditions**

The government recommended that Special Conditions 2 and 3 of the Revised Presentence Investigation Report be combined into a single condition. Defendant agreed the paragraphs would be better combined however, maintained the objection to inclusion of adult pornography restriction. However, the record demonstrates substantive reason for an adult pornography restriction.

It has been the experience of this Court that many possessors of child pornography start with the viewing of adult pornography. Some defendants previously convicted of possessing child pornography have attributed their relapse to the viewing of adult pornography. See Wolak, J., Finkelhor, D., & Mitchell, K. J., Child Pornography Possessors: Trends in Offender and Case Characteristics, *Sexual Abuse: A J. of Res. And Treatment*, Vol. 23, at 31 (2011). Adult pornography was found in Defendant's vast collection. See United States v. Sherman, 749 Fed. Appx. 648 (9th Cir. 2019) (citing United States v. Gnirke, 775 F.3d 1155 (9th Cir. 2015)). Particularly in this case, inclusion of an adult pornography restriction is justified by Defendant's history of compulsive behavior including risky, on-line sexual behavior. See Babchishin, K. M., Hanson, R. K., & Hermann, C. A., The Characteristics of Online Sexual Offenders: A Meta-analysis, *Sexual Abuse: A J. of Res. And Treatment*, Vol. 23, 92-123 (2011); Michael Seto, Child Pornography Offender Characteristics and Risk to Reoffend, *U.S. Sentencing Commission*, (February 15, 2012).

Accordingly, the Pornography Prohibition will be as follows:

> Defendant shall not possess, own, use, view or read any material depicting and/or describing "sexually explicit conduct" involving children, as defined in 18 U.S.C. Section 2256(2), or "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. 2257(h)(1). This prohibition includes, but is not limited to, computer images, pictures, photographs, books, writings, drawings, video or video games. The definition under 18 U.S.C. Section 2256(2) means actual or simulated (2) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genital or pubic area of any person. The definition under 18 U.S.C. 2257(h)(1) means actual but not simulated, conduct as defined in clauses (a) - (e) above. Furthermore, the defendant shall not patronize any place

> where the primary purpose is related to such material or entertainment. The prohibition of the defendant's possession or viewing of pornography does not apply to materials related to a collateral attack or used for the purpose of court mandated treatment.

**Polygraph Testing**

Defendant objects to any condition requiring polygraph testing, stating that it is too unreliable to ensure any type of compliance or as a basis for treatment. However, notwithstanding the fact that it is not sufficiently reliable to be accepted as proof of guilt, polygraph testing remains an important investigatory tool in pointing to areas of possible concern during the period of supervised release. In some cases, the knowledge that it is permitted may act as a deterrent. Polygraph testing will be imposed as a special condition.

**Third Party Notification**

Third party notification is a standard condition of supervision and was imposed by the Court along with the other standard conditions. Defendant objects on the ground that the condition is unconstitutionally vague. However, the Ninth Circuit has already signaled its approval of the standard language. See United States v. Evans, 883 F.3d 1154, 1164 (2018) (citing U.S. Sentencing Guideline Manual § 5D1.3(c)(12)). The condition as currently stated is as follows:

> 12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

This condition simply confirms the discretionary authority of the probation officers to warn others of any risk posed by a person under supervision and the duty to comply with the officer's instruction. If that discretion is abused, there is recourse. There is nothing so vague about the condition as to render it unconstitutional, and this Court will not engage in any attempt to enumerate every possible circumstance under which probation officers might exercise their authority to warn and protect the public. This special condition on third party notification will remain.

### Sex Offender Treatment

Defendant objects to this special condition because it makes no provision if the defendant cannot afford treatment. The court routinely adds the following upon request: "Defendant shall contribute to the costs of such program based on ability to pay". That language will be added to the condition. This will be added to the special condition for sex offender treatment.

### Mandatory Drug Testing

Defendant objects to this mandatory condition based on his lack of a substance abuse history. Again, this condition is routinely suspended on request. The condition will be suspended.

### Computer Search - Monitoring Software

Defendant is concerned that for this special condition there needs to be an employment carve out to accommodate employment, giving as an example an auto mechanic who uses computers to diagnose mechanical problems. This condition will be modified by adding the following: The probation officer will cooperate with employers for purposes of determining whether the defendant requires access to a computer for purposes of employment.

### Additional Requests

Defendant requests that his mother's address, 12480 James Street, Bloomfield, Colorado 80020, be added to the Presentence Investigation Report and that the court recommend FCI Englewood Colorado for service of sentence. The government requests that the final order of forfeiture previously entered and signed be attached to any amended judgment.

**IT IS SO ORDERED.**

Dated this 21st day of January, 2020.

_____
Kent J. Dawson
United States District Judge